**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RENESHA TOMLIN,

      Plaintiff,

v.                                     Civ. No. 24-1163 JB/GBW

STATE OF NEW MEXICO, *et al.*,

      Defendants.

## ORDER DENYING IN PART MOTION FOR ALTERNATIVE SERVICE

THIS MATTER is before the Court on Plaintiff's Reply to Order to Show Cause and Motion for Alternative Service & Leave to Amend Complaint ("Motion"). *Doc. 30*. This Order addresses only Plaintiff's request for leave to effect alternative service on Defendants Elizabeth Hahn and Peter Tasso.[1] Having reviewed Plaintiff's Motion, the attendant briefing, *doc. 36*, and being otherwise fully advised in the premises, the Court DENIES it IN PART insofar as it seeks permission for alternative service on Defendants Hahn and Tasso.

## I.    BACKGROUND.

Plaintiff filed her Civil Complaint in state court on October 9, 2024, *doc. 1-1*, and the case was subsequently removed to this Court on November 15, 2024, *doc. 1*. Although Plaintiff attempted to serve all eighteen Defendants while the case was

---

[1] The Court will address Plaintiff's request to amend her Civil Complaint (*doc. 1-1*) in a future order.

pending in state court, service on Defendants Hahn and Tasso was unsuccessful.[2]  *See doc. 1-3; doc. 10-1* at 172-75.  Plaintiff states that she attempted service on Defendants Hahn and Tasso using the addresses registered for each individual with the New Mexico Bar Association, but those addresses were outdated, and service was ultimately ineffective.  *See doc. 36* at 2.  On February 27, 2025, the Court issued an Order to Show Cause directing Plaintiff to demonstrate why her case should not be dismissed without prejudice as to five unserved Defendants, including Defendants Hahn and Tasso, for failure to comply with the service and time requirements of Federal Rule of Civil Procedure 4(m).  *Doc. 28*.  In response, Plaintiff filed the instant Motion, in which she provides proof of service as to three Defendants and requests leave to serve Defendants Hahn and Tasso by alternative means.  *See docs. 30, 31*.  On April 25, 2025, the Court issued a second Order to Show Cause directing Plaintiff to identify the specific attempts made to serve the two remaining unserved Defendants—Defendants Hahn and Tasso.  *See doc. 33*.  Plaintiff's request for alternative service on Defendants Hahn and Tasso was fully submitted for the Court's consideration on May 8, 2025, with the filing of her Supplemental Brief and Affidavit.  *Doc. 36*.  In her Supplemental Brief and Affidavit,

---

[2] In their Motion to Dismiss, Defendant Susana Martinez and CYFD Defendants (Melory Harper, Andrea Gonzalez, Ana Fox, Nicole Mayer, Alysse Hodgins, Dana Oskins, and Brianna Chavez) argue that this action should be dismissed for failure to effect proper service on them.  *Doc. 8* at 9-10.  This Order does not address the merits of the Motion to Dismiss (*doc. 8*), including the sufficiency of service on Defendant Martinez or the CYFD Defendants.

Plaintiff does not indicate that any additional attempts have been made to serve

Defendants Hahn and Tasso. *See id*.

## II.    RELEVANT LAW

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual

by any method permitted under the law of the state where the district court is located.

Fed. R. Civ. P. 4(e)(1).  Under New Mexico law, alternative forms of service, including

service by publication, may be permitted "[u]pon motion, without notice, and showing

by affidavit that service cannot reasonably be made as provided by this rule[.]"  NMRA

1-004(J); *see also* NMRA 1-004(K).  This service must be "reasonable calculated under all

of the circumstances to apprise the defendant of the existence and pendency of the

action and afford a reasonable opportunity to appear and defend."   NMRA 1-004(J).

To effectuate service under Rule 1-004(J), a plaintiff must demonstrate in detail to

have attempted service through the hierarchy of mechanisms under NMRA 1-004(F),

and that a reasonable and good-faith effort to serve the defendant through those

mechanisms was unsuccessful.  *Soto v. Vill. of Milan Police Dep't*, 2010 WL 11619168, at

*2-3 (D.N.M. Sept. 17, 2010) (unpublished); *see also Hunt v. Inter-Globe Energy, Inc.*, 770

F.2d 145, 147 (10th Cir. 1985).  Under NMRA 1-004(F), personal service on a defendant

may be accomplished by delivering the summons and complaint to the defendant

personally.  NMRA 1-004(F)(1).  If the defendant refuses to accept services, leaving the

documents at the location where the defendant is found constitutes valid service.  *Id*.

Alternatively, service may be effected by mail or commercial courier as outlined in Rule 1-004(E)(3).  *Id.*  If the defendant does not sign for or accept service by either of these methods, a party may serve a person over the age of fifteen residing at the defendant's usual place of abode and mail a copy to the defendant's last known address.  NMRA 1-004(F)(2).  If service is still unsuccessful, process may be delivered to a person apparently in charge at the defendant's actual place of business or employment, and a copy must also be mailed to both the defendant's last known mailing address and place of business and employment.  NMRA 1-004(F)(3).  A party must exhaust this entire "hierarchy of mechanisms" under NMRA 1-004(F) before service by alternative means is permitted.  *See Soto*, 2010 WL 11619168 at *3.

### III.    ANALYSIS

Plaintiff requests leave to serve Defendants Hahn and Tasso by alternative means, specifically by publication, email, or certified mail to their P.O. box addresses. *Doc. 30* at 3.  Plaintiff argues that alternative service is appropriate because Defendants Hahn and Tasso have "failed to maintain a valid, up-to-date physical address for service of process."  *Id.*  The Court disagrees and concludes that alternative service is not warranted under these circumstances.  Accordingly, Plaintiff's Motion is denied.

Plaintiff fails to demonstrate that she exhausted the hierarchy of service mechanisms outlined in NMRA 1-004(F).  Although Plaintiff initially attempted service at the addresses registered with the New Mexico Bar Association, those efforts were

unsuccessful.  *See generally doc. 36*.  In the more than six months since those initial

attempts, Plaintiff has made no additional efforts to locate valid addresses or otherwise

serve Defendants Hahn and Tasso.  Plaintiff argues that because the addresses

registered with the New Mexico Bar Association are "invalid," service under NMRA 1-

004(F) is "impracticable."  *Id.* at 2.  However, Plaintiff's initial inability to locate the

addresses of Defendants Hahn and Tasso does not excuse her from the mandatory

obligation to exhaust the other methods of service prescribed by NMRA 1-004(F).  *See*

*Aaro v. Tri Star Freight Sys., Inc.*, 2025 WL 1455952, at *3 (D.N.M. May 21, 2025)

(unpublished).  Plaintiff does not describe any attempt to locate the physical addresses

of Defendants Hahn and Tasso; she could have retained a process server, conducted

online searches, or used the email or P.O. box addresses she now proposes for service as

leads to identify their current physical addresses.  The possible failure of Defendants

Hahn and Tasso to maintain current public addresses does not absolve Plaintiff of her

duty to make reasonably diligent efforts to locate and serve them.  *See Washington v.*

*Correia*, 546 F. App'x 786, 789 (10th Cir. 2013).  Based on the record before it, the Court

finds that Plaintiff has not demonstrated the level of reasonable diligence required to

justify alternative service under NMRA 1-004(J).

       In addition, Plaintiff's request for service by publication is even less convincing

than her other proposed methods.  Although service by publication is generally limited

to *in rem* or *quasi in rem* actions, the New Mexico Supreme Court recognizes a narrow

exception for *in personam* "cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979). Here, Plaintiff seeks monetary and injunctive relief, making this an *in personam* action. *Doc. 1-1* at 72, 84. Accordingly, the exception applies only if Plaintiff demonstrates that Defendants Hahn and Tasso concealed themselves to evade service. Plaintiff, however, offers neither allegations nor evidence to support such a showing. Even assuming Plaintiff had exhausted the methods of service set forth in NMRA 1-004(F)(1)-(3), service by publication would still be improper absent any indication of concealment. Therefore, the Court concludes that service by publication is not appropriate under these circumstances.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Reply to Order to Show Cause and Motion for Alternative Service & Leave to Amend Complaint *(doc. 30)* DENIED IN PART WITHOUT PREJUDICE to the extent it seeks leave to effect alternative service on Defendants Hahn and Tasso.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE