IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENESHA TOMLIN,

    Plaintiff,

v.                                            Civ. No. 24-1163 JB/GBW

STATE OF NEW MEXICO, *et al.*,

    Defendants.

## ORDER EXTENDING DEADLINE TO SERVE DEFENDANTS ELIZABETH HAHN AND PETER TASSO AND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the undersigned upon a review of the record and the Honorable James Browning's Order of Reference Relating to Non-Prisoner Pro Se Cases (*doc. 7*) referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. More than two hundred days have passed since this case was removed to this Court, yet Defendants Elizabeth Hahn and Peter Tasso have not been properly served.[1] For the reasons set forth below, I find that Plaintiff has not demonstrated good cause for her failure to effect service on Defendants Hahn and Tasso. Nevertheless, I will *sua sponte* extend the

---

[1] In their Motion to Dismiss, Defendant Susana Martinez and CYFD Defendants (Melory Harper, Andrea Gonzalez, Ana Fox, Nicole Mayer, Alysse Hodgins, Dana Oskins, and Brianna Chavez) argue that this action should be dismissed for failure to effect proper service on them. *Doc. 8* at 9-10. This Order and Proposed Findings and Recommended Disposition does not address the merits of the Motion to Dismiss (*doc. 8*), including the sufficiency of service on Defendant Martinez or the CYFD Defendants.

1

deadline to serve them by an additional thirty (30) days. If Plaintiff fails to properly serve either Defendant **within thirty (30) days of the entry of this Order**, I RECOMMEND that any unserved Defendant—specifically, either Hahn or Tasso—be DISMISSED from this matter WITHOUT PREJUDICE.

I. **BACKGROUND**

Plaintiff filed her Civil Complaint in state court on October 9, 2024, *doc. 1-1*, and the case was subsequently removed to this Court on November 15, 2025, *doc. 1*. Although Plaintiff attempted to serve all eighteen Defendants while the case was pending in state court, service on Defendants Hahn and Tasso was unsuccessful. *See doc. 1-3; doc. 10-1* at 172-75. Plaintiff states that she attempted service on Defendants Hahn and Tasso using the addresses registered for each individual with the New Mexico Bar Association, but that those addresses were outdated, and service was ultimately ineffective. *See doc. 36* at 2. On February 27, 2025, the undersigned issued an Order to Show Cause directing Plaintiff to demonstrate why her case should not be dismissed without prejudice as to five unserved Defendants, including Defendants Hahn and Tasso, for failure to comply with the service and time requirements of Federal Rule of Civil Procedure 4(m). *Doc. 28*. Plaintiff responded on March 13, 2025, providing proof of the service as to three Defendants and requested leave to serve Defendants Hahn and Tasso by alternative means. *See docs. 30, 31*. On April 25, 2025, the undersigned issued a second Order to Show Cause directing Plaintiff to identify the

2

specific attempts made to serve the two remaining unserved Defendants—Defendants Hahn and Tasso. *Doc. 33*. Plaintiff filed her Supplemental Brief & Affidavit on May 8, 2025, arguing that conventional service was impracticable, and that alternative service was warranted. *See doc. 36*. The undersigned denied Plaintiff's request for alternative service on June 12, 2025. *Doc. 37*.

II. **RELEVANT LAW**

In cases removed to federal court, the plaintiff is afforded ninety (90) days from the date of removal to effect service on the defendants. Fed. R. Civ. P. 4(m); *see* 28 U.S.C. § 1448. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The Tenth Circuit interprets "good cause" "narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (citations omitted). "Mistake of counsel or ignorance of the rules also usually do not suffice." *Id.* at 176 (citations omitted). Rather, the good cause requirement protects "only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Valdez v. Chuwanti*, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022)

(unpublished) (quoting *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)).  Pro se litigants are expected to follow the requirement to timely serve defendants.  *See In re Kirkland*, 86 F.3d at 176 (citation omitted).

"If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."  *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  "In determining whether a permissive extension is appropriate, courts consider several factors, including but not limited to the complex requirements of multiple service, the plaintiff's pro se status, the statute of limitations, the danger of prejudice to the defendant, and the length of the delay."  *Chuwanti*, 2022 WL 17093445, at *4 (citations and internal quotation omitted).

### III. ANALYSIS

The undersigned finds that Plaintiff has not demonstrated good cause under Rule 4(m) for her failure to serve Defendants Hahn and Tasso.  Nonetheless, the undersigned concludes that a permissive extension of time to serve Defendants Hahn and Tasso is appropriate.  If Plaintiff fails to effect proper service on Defendants Hahn and Tasso within the extended period, the undersigned recommends that any unserved Defendant—specifically, Hahn or Tasso—be dismissed from this action without prejudice.

Plaintiff's explanation for her failure to serve Defendants Hahn and Tasso is insufficient to establish good cause. Following her unsuccessful attempts at service on Defendants Hahn and Tasso, Plaintiff filed their summonses on October 15, 2024. *See doc. 10-1* at 174. At that point, Plaintiff was on notice that service had not been effected and took no further action until the undersigned issued an Order to Show Cause over four months later. *See doc. 28*. In response, Plaintiff asserted that she made "diligent efforts to serve [Defendants Hahn and Tasso] using conventional methods permitted under NMRA 1-004," but that "service ha[d] been unsuccessful due to outdated addresses." *Doc. 36* at 1. Plaintiff further claimed that service by alternative means was necessary due to her "inability to locate" the current addresses for Defendants Hahn and Tasso, yet she failed to describe any specific steps taken to ascertain those addresses. *See id.* at 2. The failure of a defendant to maintain an up-to-date public address does not constitute good cause for a plaintiff's failure to timely serve; rather, it is the plaintiff's responsibility and burden to locate and serve each Defendant. *See Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013). Accordingly, the undersigned finds that the Plaintiff has not shown good cause for her failure to serve Defendants Hahn and Tasso.

Nevertheless, the undersigned finds that a permissive extension of the service deadline as to Defendant Hahn and Tasso is warranted because several of the relevant factors weigh in favor of granting such an extension. *See Chuwanti*, 2022 WL 17093445,

5

at *4. First, this case involves the complexities of effecting service on eighteen different defendants, including the State of New Mexico. *See doc. 1-1* at 1. Second, Plaintiff is proceeding pro se, which further supports the grant of a limited extension. *See Kim v. Dep't of Def.*, 2024 WL 559712 (W.D. Okla. Feb. 12, 2024) (unpublished) (providing a pro se plaintiff with a thirty-day permissive extension to serve a defendant). Third, although the delay in service on Defendants Hahn and Tasso is significant (more than two hundred days have elapsed since the Civil Complaint (*doc. 1-1*) was filed in state court), the length of the delay is not, by itself, sufficient to warrant dismissal, particularly given that the adjudication of Plaintiff's claims against the other defendants is ongoing, and that an additional delay of thirty days is unlikely to prejudice Defendants. *See Elevario v. Hernandez*, 2010 WL 11618911, at *3 (D.N.M. Dec. 20, 2010) (unpublished).

Consequently, the undersigned concludes that the totality of the relevant factors—including, but not limited to, those discussed above— weighs in support of granting Plaintiff one final opportunity to serve Defendants Hahn and Tasso. Although Plaintiff failed to timely serve Defendants Hahn or Tasso and did not establish good cause for that failure, she did respond to the undersigned's Orders to Show Cause and moved to rectify the deficiency by filing a Motion for Alternative Service, albeit unsuccessfully. *See docs. 28*, *30*, *31*, *33*, *36, 37*. In light of those efforts, the undersigned finds it appropriate to grant Plaintiff a single extension to effect service on Defendants

6

Hahn and Tasso. *See Towers v. Abbott*, 2025 WL 522467, at *3 (D. Kan. Feb. 18, 2025) (unpublished), *report and recommendation adopted sub nom. Towers v. Unified Gov't of Wyandotte Cnty.*, 2025 WL 731971 (D. Kan. Mar. 7, 2025); *cf. Fahy v. Linden Rsch., Inc.*, 2010 WL 4025940 (E.D. Pa. Oct. 13, 2010) (unpublished) (declining to grant a permissive extension where the plaintiff failed to respond to an order to show cause and failed to appear at a show cause hearing).

IV. CONCLUSION

For the foregoing reasons, the undersigned will permit Plaintiff to effect proper service on Defendants Elizbeth Hahn and Peter Tasso **within 30 days of the entry of this Order**. If Plaintiff fails to properly serve Defendant Hahn or Tasso within that time frame, the undersigned RECOMMENDS that any unserved Defendant among these two be DISMISSED from this action WITHOUT PREJUDICE.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**