IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENESHA TOMLIN,

    Plaintiff,

v.                                                Civ. No. 24-1163 JB/GBW

STATE OF NEW MEXICO, *et al.*,

    Defendants

## ORDER GRANTING DEFENDANT TASSO'S MOTION
## FOR LEAVE TO FILE ANSWER

THIS MATTER comes before the Court on Defendant Peter Tasso's Motion for Leave to File His Answer in Response to Plaintiff's Civil Complaint. *Doc. 44*. The motion is granted for the reasons explained below.

**I.**    **Background**

Plaintiff filed this action in the Second Judicial District Court on October 9, 2024, asserting various claims related to the termination of her parental rights in 2016. *Doc. 1-1*. With respect to Defendant Tasso, who served as the children's guardian ad litem, she alleged that he failed to represent the children's interests impartially, harassed and intimidated her, and suppressed and manufactured evidence. *See id*. at ¶¶ 62–73. An attempt was made to serve Defendant Tasso on October 11, 2024, *doc. 1-3* at 2, but he was not successfully served with the summons and complaint until July 9, 2025, *doc. 39*. Defendant Tasso did not timely file a responsive pleading. On August 21, 2025, he filed

the instant motion requesting leave to file an untimely answer. *Doc. 44*. Plaintiff did not respond. The motion is now before the Court.

## II.   Standard of Review

Unless otherwise specified, a defendant must serve an answer within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1). However, the Court "may allow untimely filings 'if the party failed to act because of excusable neglect.'" *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting Fed. R. Civ. P. 6(b)(1)(B)). Four factors are considered:

> (1) the danger of prejudice to the [non-moving party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*Id*. (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (alterations in original). The third factor—the reason for the delay—is the most important, and "an inadequate explanation . . . may, by itself, be sufficient to reject a finding of excusable neglect." *Id*. (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)). The district court's determination is reviewed for abuse of discretion. *Id*. (citing *Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005)).

## III.   Analysis

Defendant Tasso was required to file an answer no later than July 30, 2025. *See doc. 39*; Fed. R. Civ. P. 12(a)(1). He filed this motion on August 21, 2025, 22 days after the deadline. *Doc. 44*. In his motion, to which supporting declarations are attached, he

2

explains the delay as follows.  On July 9, 2025, after being served with the summons and complaint,[1] Defendant Tasso contacted his former employer, Advocacy, Inc.  *Doc. 44-1* at ¶ 4.  Because the claims against him related to his former employment, he understood that Advocacy, Inc., would secure representation on his behalf.  *Id.* at ¶¶ 6, 9.  He forwarded the complaint to Executive Director Gini Silva on July 10, 2025.  *Id.* at ¶ 7.  On July 24, 2025, Defendant Tasso contracted COVID-19 and was "out of commission" until about August 7, 2025, including receiving emergency care.  *Id.* at ¶ 10.  He states that if he had not been extremely ill around the time the answer was due, he would have made further inquiries.  *Id.* at ¶ 12.

Meanwhile, after seeking guidance from in-house counsel, Ms. Silva submitted a claim to Advocacy, Inc.'s insurer on July 22, 2025.  *Doc. 44-2* at ¶ 6–9.  She then communicated with Claims Supervisor Alice Sherren, an employee of the insurer's third party administrator.  *See generally docs. 44-2, 44-3*.  Ms. Sherren was initially assigned the claim on July 30, 2025, but was unaware that Defendant Tasso had already been served until approximately August 5, 2025.  *Doc. 44-3* at ¶ 4, 7.  On August 6, 2025, Defendant Tasso and Ms. Silva agreed to the retention of counsel to defend Defendant Tasso under the insurance policy.  *Id.* at ¶ 8.  Counsel was retained the same day.  *Id.*

---

[1] Defendant Tasso states in his declaration that he was served on July 8, 2025, *doc. 44-1* at ¶ 3, but the docket reflects that service was executed on July 9, 2025, *see doc. 39*.  The exact date is not material to the Court's analysis.

3

Considering the four applicable factors, the Court finds that Defendant Tasso's failure to file a timely answer was due to excusable neglect. First, the danger of prejudice to Plaintiff is minimal. As Defendant Tasso notes in his brief, he was not served until approximately nine months after the complaint was filed. At the time he filed this motion, multiple dispositive motions were pending, and, as of the date of this Order, no discovery deadlines have been set. Therefore, despite the time elapsed since the case was first filed, Plaintiff will not be significantly prejudiced by Defendant Tasso's late filing. *See, e.g., Young v. City of St. George*, 2025 U.S. Dist. LEXIS 233038, at *7 (D. Utah. Nov. 25, 2025) ("The prejudice imposed upon the City is minimal as this case was in its infancy.").

Second, the length of the delay—approximately three weeks—is minimal, particularly in relation to Plaintiff's extended delay in effecting service, which was accomplished approximately six months after the usual deadline. *See doc. 39*; Fed. R. Civ. P. 4(m). The impact on judicial proceedings is likewise negligible in light of the case's current posture.

Third, the Court finds that Defendant Tasso has provided an adequate reason for the delay and that it was not within his reasonable control. Defendant Tasso contacted Advocacy, Inc., immediately after being served, and thereafter reasonably believed that his former employer and the insurer were working to secure representation. The delay caused by Ms. Silva's unfamiliarity with legal processes and Ms. Sherren's ignorance of

4

the response deadline was compounded by Defendant Tasso's serious two-week illness with COVID-19, which required emergency care and prevented him from ensuring that a response had been filed, as he would otherwise have done.  The Court finds that Defendant Tasso's serious, extended illness before the answer deadline, and before he had retained counsel, was sufficient reason to excuse the delay.  *See, e.g.*, *Perez*, 847 F.3d at 1253 ("A lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings, and therefore can be sufficient for a finding of excusable neglect." (citing *United States v. Ruth*, 946 F.2d 110, 112 n.2 (10th Cir. 1991))); *c.f. Lopez v. Cantex Health Care Ctrs. II LLC*, 2023 U.S. App. LEXIS 29606, at *10 (10th Cir. Nov. 7, 2023) (finding the district court did not abuse its discretion in rejecting appellant's argument that a non-attorney staff member's unspecified sickness constituted excusable neglect).  Once Defendant Tasso retained counsel, the present motion was filed within approximately two weeks.  The Court finds this additional delay was not unreasonable in light of the circumstances.

Fourth, there is no reason to doubt Defendant Tasso's good faith; on the contrary, his explanation is supported by the statements of Ms. Silva and Ms. Sherren, and it appears that he made sincere efforts to secure representation and respond timely to the complaint.

Finally, the Court notes that Defendant Tasso's motion is unopposed because Plaintiff did not respond.  *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and

5

serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The fact that Plaintiff consents to the requested extension of the answer deadline weighs heavily in favor of granting the motion.

## IV. Conclusion

For the foregoing reasons, the Court finds that the failure to timely file an answer was due to excusable neglect. Defendant Tasso's Motion for Leave to File His Answer in Response to Plaintiff's Civil Complaint (*doc. 44*) is therefore GRANTED. Defendant Tasso is hereby ORDERED to file a motion to dismiss, or other responsive pleading, within **21 days**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE