IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENESHA TOMLIN,

    Plaintiff,

v.                                              Civ. No. 24-1163 JB/GBW

STATE OF NEW MEXICO, *et al.*,

    Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on Defendant Peter Tasso's Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) and the Law of the Case Doctrine (*doc. 53*) and pursuant to the Order of Reference (*doc. 51*).  I RECOMMEND that the motion be granted for the reasons explained below.

### I.    Background

Plaintiff filed this action in the Second Judicial District Court on October 9, 2024. *Doc. 1-1*.  It was removed on November 15, 2024.  *Doc. 1*.  The complaint variously alleges claims under the New Mexico Civil Rights Act (NMCRA), New Mexico Tort Claims Act (NMTCA), 42 U.S.C §§ 1983 and 1985, New Mexico Religious Freedom Restoration Act (NMRFRA), and the common law.  *See generally doc. 1-1*.  It also appears to allege claims under the New Mexico Code of Judicial Conduct and the Racketeer Influence and Corrupt Organizations Act (RICO).  *See id.* at 55–57, 68.  All claims arise from an investigation and legal proceedings that began in 2013 and culminated in the

removal of Plaintiff's children and termination of her parental rights in 2016. *See id.* at 53–85.

The factual allegations involving Defendant Tasso are as follows. Defendant Tasso "was the children's court appointed attorney whose responsibility in this role was to represent the legal interests and rights of the children involved in the case." *Id.* at 4 ¶ 7. He "failed to do so impartially, harassed and intimidated [Plaintiff] by trespassing on [her] property, and suppressed exculpatory evidence and manufactured evidence." *Id.* at 15 ¶ 66. He "presented biased reports and supported unwarranted actions by CYFD without proper investigation or justification." *Id.* He "told lies and misrepresentations in court," *id.* at 16 ¶ 68, including making "various assertions about [Plaintiff's] interactions with her children and neighbors," *id.* at 16 ¶ 67, and informing the court that Plaintiff had not "complied with [her] case plan," *id.* at 43 ¶ 94. He "refused to adequately investigate[ . . . ,] fabricated evidence, and acted outside the scope of his employment in his personal capacity, to come to [Plaintiff's] home and harass, intimidate, and threaten [her] into not being a witness in [her] own case." *Id.* at 16 ¶ 73.

On September 30, 2025, the Court granted all then-pending motions to dismiss (*docs. 5, 8, 9, 42*) and dismissed the claims against Defendants Bernalillo County, John E. Brown Juvenile Justice Center, State of New Mexico, Michelle Lujan Grisham, Susana Martinez, Melory Harper, Andrea Gonzales, Ana Fox, Nicole Mayer, Alysse Hodgins, Dana Oskins, Brianna Chavez, State Bar of New Mexico, and Elizabeth Han. *See doc. 50.*

2

The claims against Defendant Tasso were not dismissed because, at the time of the order, he had not filed a motion to dismiss or other responsive pleading.  *See id*. at 29. Defendant Tasso was served on July 9, 2025.  *Doc. 39*.  On August 21, 2025, he moved the Court for leave to file an untimely answer, *doc. 44*, which was granted on February 6, 2026, *doc. 52*.  He filed the instant motion to dismiss on February 13, 2026.  *Doc. 53*. Plaintiff did not timely respond, and, as of the date of this PFRD, has not responded.

## II.    Legal Standard

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs."  *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).  The court need not accept the truth of any legal conclusions.  *Iqbal*, 556 U.S. at 678.

When a party proceeds pro se, a court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."

3

*Hall v. Bellmon*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*  However, courts should not assume the role of advocate for a pro se litigant and "are not required to fashion [a pro se party's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

### III.     Analysis

Defendant Tasso argues the claims against him are time-barred or, in the alternative, unsupported by factual allegations. *See doc. 53* at 2–5.  In addition, Defendant Tasso argues the "law of the case" doctrine precludes a contrary finding because the same law that warranted dismissal of the claims against the other defendants applies with equal measure to the claims against him. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) ("When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings." (citation omitted)).

The undersigned agrees that the claims against Defendant Tasso should be dismissed for substantially the same reasons articulated in the Court's prior

Memorandum Opinion and Order (*doc. 50*).[1]  First, the claims are time-barred.  The complaint alleges no actions by Defendant Tasso after 2016, when Plaintiff's parental rights were terminated.  Plaintiff was aware of Defendant Tasso's actions at the time they occurred.  Therefore, the claims accrued in 2016 at the latest.  This action was not filed until 2024, approximately eight years after accrual.  Consequently, as explained in the previous order, the limitations period for the claims alleged had long expired.  *See* NMSA § 41-4A-7 (three-year statute of limitations for NMCRA claims); NMSA § 41-4-15 (two-year statute of limitations for NMTCA claims); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) (three-year statute of limitations for § 1983 claims); *O'Connor v. St. John's College*, 290 F. App'x 137, 141 (10th Cir. 2008) (three-year period also applies to § 1985 claims (citing *Robinson v. Maruffi*, 895 F.2d 649, 653–54 (10th Cir. 1990))); NMSA § 37-1-4 (four-year statute of limitations for claims of fraud and "all other actions not herein otherwise provided for"); *Jaramillo v. Hood*, 601 P.2d 66, 66 (N.M. 1979) (applying the four-year limitations period of § 37-1-4 to legal malpractice claims); NMSA § 37-1-8 (three-year statute of limitations for breach of fiduciary duties, personal injury, and injuries to reputation).  As the Court previously explained, the allegations do not support application of the continuing violation doctrine to delay

---

[1] As Defendant Tasso notes, the exact nature of the claims against him is somewhat difficult to ascertain.  The undersigned construes Plaintiff's pleading liberally and includes all claims in this analysis, even those that do not appear to be asserted against Defendant Tasso.  *See, e.g., doc. 1-1* at 53 (claims under the NMCRA are asserted only against "Defendants State of New Mexico, Bernalillo County, and the New Mexico State Bar Association"); *id.* at 78 (claims of gross negligence, legal malpractice and breach of fiduciary duty are asserted only against "Individual Elizabeth Hahn [sic]").

accrual or of fraudulent concealment to toll the limitations period.  *See doc. 50* at 10–14.

The Court's previous analysis applies equally to the claims against Defendant Tasso

and is incorporated herein by reference.

Second, to the extent Plaintiff alleges claims against Defendant Tasso based on

participation in a conspiracy that remained ongoing after termination of her parental

rights, the Court has explained that no "overt acts" in furtherance of the conspiracy are

alleged after 2016.  *See doc. 50* at 18.  The Court's prior analysis applies equally to

Defendant Tasso and is incorporated herein.  Therefore, in accordance with the three-

year limitations period of §§ 1983 and 1985, any claims against Defendant Tasso based

on the alleged conspiracy are time-barred.

Third, any claims asserted against Defendant Tasso under the NMRFRA, the

New Mexico Code of Judicial Conduct, or RICO fail as a matter of law because no relief

can be granted.  *See* NMSA § 28-22-4(A) (NMRFRA authorizes suits only against "a

government agency"); Code of Judicial Conduct, 21-002(G) ("The Code is not designed

or intended as a basis for civil or criminal liability."); *Gillmor v. Thomas*, 490 F.3d 791,

797 (10th Cir. 2007) (a "plaintiff has standing to bring a RICO claim only if he was

injured in his business or property by reason of the defendant's violation of § 1962"

(quotation omitted)).  Accordingly, for the same reasons explained in the previous

order, *see doc. 50* at 19, 22–24, these claims against Defendant Tasso must be dismissed.

## IV.     Conclusion

For the foregoing reasons, the undersigned RECOMMENDS that the Court

GRANT Defendant Peter Tasso's Motion to Dismiss Plaintiff's Claims Pursuant to Fed.

R. Civ. P. 12(b)(6) and the Law of the Case Doctrine (*doc. 53*) and DISMISS WITH

PREJUDICE all claims against Defendant Tasso.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of
these Proposed Findings and Recommended Disposition they may file written
objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party
must file any objections with the Clerk of the District Court within the fourteen-day
period if that party wants to have appellate review of the proposed findings and
recommended disposition.  If no objections are filed, no appellate review will be
allowed.**