**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RENESHA TOMLIN,

    Plaintiff,

vs.                                                                                     No. CIV 24-1163 JB/GBW

PETER TASSO, LINDA JOHNSON-HOPKINS,
HELEN SMITH, and MELANIE HUBKA,

    Defendants.

### MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 20, 2026 (Doc. 55)("PFRD"). The PFRD notifies the parties of their ability to file objections within fourteen days and that failure to do so waives appellate review. To date, no party files any objections, and there is nothing in the record indicating that the PFRD is not delivered. The Court concludes that the PFRD that the Honorable Gregory B. Wormuth, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, filed is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and the Court therefore adopts it. Accordingly, the Court will grant Defendant Peter Tasso's Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) and the Law of the Case Doctrine, filed February 13, 2026 (Doc. 53), and dismiss with prejudice all claims against Defendant Peter Tasso.

### LAW REGARDING OBJECTIONS TO THE PFRD

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of

a claim or defense or a prisoner petition challenging the conditions of confinement.").   Rule

72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended

disposition, a party may serve and file specific written objections to the proposed findings and

recommendations."   Fed. R. Civ. P. 72(b)(2).   Finally, when resolving objections to a Magistrate

Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's

disposition that has been properly objected to.    The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate

judge with instructions."   Fed. R. Civ. P. 72(b)(3).   Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made.  A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.  The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention

on those issues -- factual and legal -- that are at the heart of the parties' dispute."   United States

v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as:

2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting

Thomas v. Arn, 474 U.S. 140, 147 (1985)).    As the United States Court of Appeals for the

Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's

Act[, 28 U.S.C. §§ 631-39], including judicial efficiency."   One Parcel, 73 F.3d at 1059 (citing

Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."   One Parcel, 73 F.3d at 1060.   "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore

---

[1] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and assists the Court in its disposition of this Memorandum Opinion and Order.

v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).   In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit holds that it deems the issues waived on appeal because such actions would advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elect to address merits despite potential application of waiver rule, but Courts of Appeals opts to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz").   The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."   In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   The Supreme Court of the United States notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court may rely on the Magistrate Judge's PFRD.   See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).   See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole*

*or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Adams v. United States, 543 F. Supp. 3d 1165 (D.N.M. 2021)(Browning, J.), where the plaintiff fails to respond to the Magistrate Judge's PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted such a review. 543 F. Supp. 3d at 1168. The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determines independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where the Court cannot say that the Magistrate Judge's recommendation is "clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Adams v. United States, 543 F. Supp. 3d at 1168.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and is more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

**ANALYSIS**

The Court reviews carefully the PFRD.    The Court does not review the PFRD de novo, because the parties do not object to the PFRD, but rather reviews Chief Magistrate Judge Wormuth's PFRD to determine if the PFRD is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.    The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.    Accordingly, the Court adopts the recommendations.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 20, 2026 (Doc. 55), is adopted; (ii) Defendant Peter Tasso's Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) and the Law of the Case Doctrine, filed February 13, 2026 (Doc. 53), is granted; and (iii) all of the Plaintiff's claims against Defendant Peter Tasso are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Renesha K. Tomlin
Albuquerque, New Mexico

    *Plaintiff pro se*

Bryan C. Garcia
Jessica L. Czajkowski
Garcia Law Group, LLC
Albuquerque, New Mexico

        *Attorneys for Defendants the State of New Mexico, Michelle Lujan Grisham,*
            *Melory Harper, Andrea Gonzalez, Ana Fox, Nicole Mayer, Alysse Hodgins, Dana*
            *Oskins, and Brianna Chavez.*

-- and --

Bryan C. Garcia
Garcia Law Group, LLC
Albuquerque, New Mexico

      *Attorneys for Defendant Susanna Martinez*

-- and --

Daniel J. Macke
Macke Law & Policy, LLC
Albuquerque, New Mexico

      *Attorneys for Defendants Bernalillo County and John E. Brown Juvenile Justice Center*

-- and --

Samantha Adams
Adams Crow Law Firm, LLC
Albuquerque, New Mexico

      *Attorneys for Defendant Peter Tasso*

-- and --

Meredith M. Baker
Law Office of Meredith M. Baker, LLC
Albuquerque, New Mexico

      *Attorney for Defendant Elizabeth Hahn*

-- and --

Linda Johnson-Hopkins
Albuquerque, New Mexico

      *Defendant pro se*

-- and --

Helen Smith
Albuquerque, New Mexico

      *Defendant pro se*

-- and --

Melanie Hubka
Albuquerque, New Mexico

- 8 -

*Defendant pro se*

Santiago Piza Cossio
Modrall Sperling
Albuquerque, New Mexico

-- and --

Spencer L. Edelman
Modrall, Sperling, Roehl, Harris, & Sisk, PA
Albuquerque, New Mexico

    *Attorneys for Defendant State Bar of New Mexico*